ROY BROOKS

*v.*

CENTRAL SAINT JEANNE.

San Juan, Law, No. 651.

1. Plaintiff was an expert erector of sugar milling machinery. He was sent from New Orleans to Caguas, Porto Rico, by the manufacturer of such machinery, in response to the request of the defendant, and was engaged in erecting machinery sold by his principal to the defendant, although the defendant paid him his actual wages for the work. He made a trip on a freight automobile from Caguas to San Juan, and by reason, as it is alleged, of the intoxication of the motorman, on the return trip was severely injured. The evidence was conflicting as to whether he made the trip to San Juan at the request of, and in the interest of the defendant, or whether he came of his own motion for his own purposes. Held: That it was imaterial whether he was working for his principal in New Orleans or the defendant in Porto Rico, or both, as the fellow-servant rule could not apply under the circumstances.

2. Whether plaintiff was in the employ of the defendant at the time of the accident, or a mere licensee on one of its automobiles, he could not recover for his injuries if he continued to ride on the machine after plainly seeing .the intoxicated condition of the motorman, and after he was a witness to the continued drinking of intoxicating liquors along the road by the latter, and of his consequent mismanagement of the machine. In such case, if plaintiff continued on the machine, having had plenty of opportunity to get down from the same, he assumed the risk, and could not recover from the defendant.

3. If plaintiff was in the employ of the defendant on the trip in question, at its request, then it owed him a duty not to expose him to unusual risk or danger, and to employ competent servants or agents to conduct the machine, and, in the absence of negligence on the part of plaintiff, he can recover for injuries resulting as a consequence of such negligence of the defendant.

Brooks v. Central St. Jeanne.

4. If plaintiff was a mere licensee on the machine in question, and his injury was the result of his own contributory negligence and assumption of risk, then defendant owed him no duty, and the fact that it procured a surgeon to attend him, who wrongly set the bones of his leg so that the same had to be rebroken and reset many days later, does not render it liable for such action of the surgeon. *Per contra*, if plaintiff was at the time in the service of the defendant, it owed him a duty not to expose him to unusual risks or dangers, or negligently employ an unskilful surgeon to attend him.

Case tried December 15, 1909.

---

*Messrs. N. B. K. Pettingill* and *F. L. Cornwell,* for plaintiff.

*Messrs. Martin Travieso, Jr.,* and *Herminio Diaz,* for defendant.

Sufficient of the facts of the case can be gathered from the instructions, which RODEY, Judge, gave to the jury as follows:

This, as you have seen, is an action by Roy Brooks, a citizen of the United States, against the Central Saint Jeanne, a Belgian corporation doing business in Porto Rico, for damages which he lays in the sum of $15,000, and the costs of this suit, for the injury which occurred to him as shown by the evidence, and which he alleges occurred through the negligence of the defendant corporation. The fact that the parties are of different citizenship, and because the amount involved is more than $1,000, is what gives this court jurisdiction to try the case.

It is somewhat difficult under the circumstances here to determine whether the plaintiff was at the time of the accident in the employ of J. H. Murphy of New Orleans, who conducts a

Brooks v. Central St. Jeanne.

sugar machinery establishment, or in the employ of the defendant company at Caguas. It is certain from the exhibits that the plaintiff was sent to Caguas to erect the machinery purchased from Murphy, and that he was sent at the request of the defendant. It is also certain that Murphy considered him in his employ during the continuance of the work and thereafter, and that the plaintiff returned to Murphy, and continued his work with him in other places after he left Caguas, yet it is probably true that the defendant corporation paid plaintiff his salary while he was engaged in and about their works and interests.

In the view we take of the matter it is immaterial whether he was in the employ of one or the other of these parties, or even of both, because the only effect it could have would be that, if he was in the employ of the defendant, ordinarily what is known in law as the fellow-servant rule would apply; that is, that if he was injured while thus engaged in its employ by the mere negligence of a fellow servant, and the defendant was guilty of no negligence upon its own part, then the plaintiff could not recover for the injury against the defendant corporation, but would have to sue the fellow servant whose negligence actually caused him the injury. However, as intimated, we do not think it would make any difference in this case, because the line of work which plaintiff was to do in that central, and in which he was engaged, is so radically different from the line of work involved at the place where he was injured as that he could not, in our opinion, be held to be a fellow servant of those in charge of the automobiles, and over whom he had no control. Therefore you are instructed that the plaintiff, during the trip to San Juan on which he was injured, as shown by the evidence, was either in the same relation as a passenger would be to a common car-

Brooks v. Central St. Jeanne.

rier of passengers, or else he was a mere licensee, riding on the automobile in question by leave of the defendant through its agents. You, of course, must determine from a preponderance of the evidence the facts upon which these two assumptions rest, and fix upon the one which you believe to be right.

You are, however, instructed that no matter whether the plaintiff was a passenger or a licensee on the automobile at the time of the occurrence of the accident, still, if you believe from a preponderance of the evidence that the plaintiff, although seeing and knowing the condition, as to intoxication, of the motorman, if you believe from a preponderance of the evidence that such motorman was to any extent intoxicated, or after negligently failing to see or know such condition of the motorman, although he had ample opportunity to so see and know his condition, still continued to ride upon the same, instead of getting down therefrom and avoiding the danger, then you are instructed that the plaintiff, by so remaining on said automobile after he had knowledge of the risk and danger he was in, assumed the risk incident to so remaining there, and under no rule of law could he recover against this defendant for the injury that occurred to him, and it is clearly and plainly your duty, if you believe that such was the situation, to find for the defendant, because, to permit a plaintiff to recover in such a case would be to hold this defendant liable for the negligent act of the plaintiff himself, which contributed to his own injury, and in and by which he had a clear chance to avoid the injury and did not do so. No amount of sympathy for the unfortunate accident to the plaintiff should be permitted to affect your judgment upon this phase of the case, and no desire to placate the plaintiff or his counsel should induce you to hesitate for one instant to find against him if you

believe from a preponderance of the evidence this state of facts to have existed.

Now, on the other hand, if you believe from a preponderance of the evidence that this plaintiff, in his desire to help the defendant, and at the request, or by the permission of his chief of department, came on that automobile from Caguas to San Juan on the business of the defendant and in good faith, intending to engage, and that he did engage in and about seeing to the transportation of the boiler referred to in the evidence, to Caguas, for use in the work that he was doing, then you are instructed that it was the clear and bounden duty of the defendant not to expose him to unusual risk of danger, and it was the clear and bounden duty of the defendant to have persons in its employ who would not get intoxicated in such manner as to endanger the help that accompanied him on the automobile in question, and if you believe from a preponderance of the evidence that the defendant company did not do so, but, on the contrary, had in charge of such automobile as motorman a person who became intoxicated, as some of the evidence tends to show, and that plaintiff did not know of such intoxication, and that nothing occurred on the trip to put him upon notice thereof, such as a reasonable man could be held to take notice of, then and in such case the defendant is responsible to this plaintiff for the damages which accrued to him, and you should, as unhesitatingly as in the other view of the case, find for the plaintiff, and assess his damages within the amount of $10,000, which his counsel have fixed in their argument before you as the limit they will claim, although the complaint demands $15,000.

You are further instructed that if you believe from a preponderance of the evidence that the plaintiff Brooks, during the

course of the trip on this freight automobile from San Juan to Caguas, at the time in question and just before the accident, was in the cab of the machine, and was there engaged in a scuffle in an effort to take the steering wheel out of the hands of the motorman, as some of the evidence tends to show, then also in such event the plaintiff is guilty of contributory negligence, and his own act being the proximate cause of the injury, he cannot recover against this defendant, and you should so find by your verdict. It was the duty of the defendant corporation as employer, and in that sense you are instructed that if you believe from a preponderance of the evidence that plaintiff was on this automobile in the interest of the defendant company, and by its request he was its employee for that purpose, to furnish its employees with a reasonably safe place to work in, and not to expose them to unusual risks or dangers, and you are instructed that it is the duty of such an employer to exercise reasonable care in the selection and retention of persons in its employ, so as not to expose its employees to unusual risks or dangers.

If you believe from a preponderance of the evidence that after the accident the defendant corporation procured a surgeon to attend plaintiff, and did not exercise proper care in and about the selection of such surgeon, by reason of which injury and damage occurred to the plaintiff through the carelessness, unskilfulness, and malpractice of such surgeon, then, provided you find for the plaintiff on the whole case under the evidence, and also under the law as here given you, the defendant would be liable for the result of such malpractice. But *per contra* it would not be, and is not liable therefor, if it is not liable generally in the case, because this suit is brought primarily against

Brooks v. Central St. Jeanne.

this defendant for its negligence in and about causing the accident itself, and not primarily for the negligence or malpractice of the surgeon, and if it is not liable for the main injury, it owed no duty to the plaintiff regarding the surgeon, and plaintiff's action on that account would be against the surgeon himself.

I have several times instructed every one of you jurors during this term of court as to what is the meaning and scope of a preponderance of the evidence, and in like manner I have repeatedly instructed you all as to your rights and duties with reference to the witnesses, their testimony, what you may believe and disbelieve, the manner of the witness on the stand, the interest such witness may have in the result of the controversy, and your general duties regarding your conduct and mode of arriving at a verdict, all of which are here intended to be given to you again, and which the court requests you to respect.

If you should find for the plaintiff, his measure of damages will be, within the limit last aforesaid, the actual pecuniary loss which has occurred to him, and in this regard you may take into consideration the injury and its permanency, or lack of permanency, the amount of suffering, physical and mental, because of what has occurred to him, and what may occur to him through life by reason thereof, his diminished earning capacity, and the extent to which you may believe that exists, his loss of wages, and the expenses for medical treatment, nursing, medicines, etc., that he has been put to. In this regard you are instructed that if you find for him you should give damages in a sum adequate to compensate him within the measure already defined for you, and you should not in your calculations impose anything in the nature of a penalty or "smart money" upon the

Brooks v. Central St. Jeanne.

defendant, because there is no evidence in the cause to show that there was any malice upon its part in and about the infliction of this injury in and upon the plaintiff.

You are fair-minded gentlemen, and, on the one hand, it is your duty to grant unto the plaintiff every right which the law gives him, and, on the other, it is your duty to not impose upon the defendant any liability which the law and the facts do not warrant.

I have several times told you in my instructions during this term, in different cases, that it is no part of the jury's duty to decide any question of law. That statement is binding upon you, but there are instances where, if the jury finds one set of facts, one view of the law is applied, and, if it finds another set of facts another view of the law must be applied, and to that extent, and that extent only have juries anything to do with the law of a case. When they find the fact they apply the law which the court tells them is applicable thereto. In this, as in nearly all other cases, that rule must be applied.

On the one hand, if plaintiff was injured by the negligence of the defendant as here defined, you should find for him. On the other hand, if plaintiff was injured by his own negligence, then the law does not permit you to return any verdict in his favor, and you should unhesitatingly find against him. The duty of counsel in every case, gentlemen, is to present to the jury view points which may have escaped you during the trial. Counsel cannot testify; and their own desires or beliefs should not affect your finding. Be it said to the credit of all respectable counsel, they concede this, and they do not expect at your hands anything save that which the law and your consciences and oaths authorize. They never question you for your verdicts, and it

Brooks v. Central St. Jeanne.

would be an aspersion on your intelligence for them to do so, as well as a contempt of their professional duty and of court, and, be it said to their credit, they never indulge in such things. Neither have the parties any right to ever question you for your verdict, and for the same reasons. Therefore, it is as much the duty of a jury as it is of the court to fairly, honestly, and impartially, as practical men, weigh, measure, and balance all the facts and circumstances of the case, and find a verdict without fear or favor. To permit your acquaintance with counsel or the parties to induce you to deviate one jot from that which the law and the facts warrant, would be a species of moral cowardice which, if indulged in, would render the administration of justice a farce, and which the court is happy to say it has seen none of in the present panel of jurors at this term of court. Whatever your verdict is, the parties, their counsel, and the court will bow to it.

Two forms of verdict will be given you. One will read: "We, the jury, find for the plaintiff, and assess his damages at the sum of blank dollars." And the other will read: "We, the jury, find for the defendant." When you have arrived at a verdict cause it to be signed in the usual way by one of your number as foreman, and then all of you must return it into court. You may take to your jury room the complaint, and answer, and all of the exhibits introduced in evidence, together with these instructions. The cause is with you, gentlemen.

The jury failed to agree.